**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ROYLAN ROMERO-CORONADO,** | § | |
| **#10491-279,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:14-CV-0513-N-BK** |
| | § | **(3:09-CR-0313-N)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255, which was automatically referred to the magistrate judge under the provisions of 28 U.S.C. 636(b) and Special Order 3.  For the reasons that follow, this action should be summarily dismissed.

**I. BACKGROUND**

Petitioner pled guilty to illegal reentry into the United States following deportation and was sentenced to 72 months' imprisonment and a three-year term of supervised release.  *United States v. Romero-Coronado*, 3:09-CR-313-N-1 (N.D. Tex. Mar. 29, 2010), *aff'd*, No. 10-10230 (5th Cir. Dec. 30, 2010), *cert. denied*, No. 10-9763 (Apr. 25, 2011).  On February 11, 2014, Petitioner filed a *pro se* pleading styled *Status Report and Judicial Notice*, in which he inquired about the status of a prior section 2255 motion.  [Doc. 2].  Because the record reflected no pleadings filed by Petitioner since his direct appeal, the Court liberally construed his *Status Report and Judicial Notice* as a request for section 2255 relief. [Doc. 3 at 1-2].  Then, on March 12, 2014, Petitioner filed an amended section 2255 motion, asserting Fifth and Sixth Amendment violations based on the Supreme Court's decision in *Alleyne v. United States*, ─── U.S. ───, 133

S. Ct. 2151 (Jun. 17, 2013), and *Descamps v. United States,* ─── U.S. ───, 133 S. Ct. 2276 (Jun. 20, 2013). [Doc. 4 at 8, 11-12]. He also sought relief under the "savings clause [of] § 2255(e)." [Doc. 4 at 9]. Specifically, he maintained that his "mandatory minimum" sentence was "impermissibly increased based on findings of extra-judicially found facts." [Doc. 4 at 9]. He claimed that, at sentencing, this Court "erroneously determined that he had been previously removed after a prior conviction and sentenced him to an enhanced term of imprisonment based on that determination." [Doc. at 10].

## II. "SAVINGS CLAUSE" OF SECTION 2255

At the outset, the Court addresses Petitioner's request for relief under the "savings clause." A motion under section 2255 provides the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001) (*per curiam*) (citing *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000) (*per curiam*)). "While [28 U.S.C.] § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles,* 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States,* 243 F.3d 893, 900-01 (5th Cir. 2001)).

"Only the custodial court, however, has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255." *Padilla v. United States,* 416 F.3d 424, 426 (5th Cir. 2005) (*per curiam*). Because Petitioner is incarcerated at FCI Gilmer in Glenville, West Virginia, this Court lacks jurisdiction to determine whether he may proceed under section 2241. Therefore, his request for relief under the savings clause of section 2255 should be dismissed without prejudice.

### III. SECTION 2255 MOTION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2255(f); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2255). As the section 2255 motion appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period. [Doc. 5]. Petitioner responded relying on section 2255(f)(3). [Doc. 6 at 2].[1]

Under section 2255(f)(3), the one-year limitations period is calculated from "the date on which the right asserted was initially recognized by the Supreme Court." *See Dodd v. United States*, 545 U.S. 353, 358-359 (2005) (holding that if the Supreme Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from the Supreme Court's decision within which to file his motion to vacate). However, section 2255(f)(3) applies only if the right has been (1) "newly recognized by the Supreme Court" and (2) made retroactively applicable to cases on collateral review." *Id.* at 358. The retroactivity determination can be made by the Supreme Court as well as a lower court. *See United States v. Lopez*, 248 F.3d 427, 431-32 (5th Cir. 2001) (holding that had Congress intended the retroactivity determination under section 2255(f)(3) to be limited to the Supreme Court, the statute would have explicitly provided so). Here, Petitioner, relying on § 2255(f)(3), contends that the one-year of limitations period did not commence until June 2013, when the Supreme

---

[1] Sections 2255(f)(1)-(2) and (4) are inapplicable here, as Petitioner does not base his limitations argument on the finality of his conviction, a government created impediment, or the date on which the facts supporting his claim could have been discovered.

Court announced its decisions in *Alleyne* and *Descamps*.[2]  [Doc. 6 at 2].

Liberally construing Petitioner's amended section 2255 motion, he alleges that the increase of the maximum statutory penalty for his offense of conviction from ten to 20 years violated the Constitution because the fact of his prior aggravated felony was not charged as an element of the offense to be proven beyond a reasonable doubt to a jury.  [Doc. 4 at 8].  S*ee* *Apprendi v. New Jersey*, 530 U.S. 466, 487-489 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").  Petitioner concedes the Supreme Court's explicit holding that *Apprendi* and its progeny did not overrule *Almendarez–Torres v. United States,* which held 18 U.S.C. § 1326(b)(2) was a sentencing factor, rather than an element of the offense, and, thus, need not be alleged in the indictment.  *Id.* at 489–490; *Almendarez–Torres v. United States,* 523 U.S. 224, 226–227 (1998).  However, he suggests that the Supreme Court's more recent opinion in *Alleyne* did overrule *Almendarez–Torres*, stating that "[c]onduct that was on[c]e permitted prior to Alleyne, is now prohibited." [Doc. 4 at 9].

Petitioner is wrong about the impact of *Alleyne* on *Almendarez–Torres*.  In *Alleyne,* the Supreme Court extended it reasoning in *Apprendi* to statutory minimum sentences, holding that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury.  133 S. Ct. at 2155.  The Court also acknowledged the *Almendarez–Torres* exception for the fact of a

---

[2]  Aside from its mere mention, Petitioner wholly fails to state the significance of *Descamps* on his conviction and/or sentence.  *See* *Descamps,* 133 S. Ct. at 2281-82 (holding that the modified categorical approach for determining aggravated felony convictions is only appropriate for divisible statutes that set forth several offenses with discrete element).

prior conviction, and noted that *Alleyne* did not revisit that exception. *Id.* at 2160 n.1. Thus, the sentencing court could, and did, properly determine the fact of Petitioner's prior aggravated felony conviction, thereby increasing his statutory maximum term of imprisonment from ten to 20 years. It should be noted, however, that Petitioner's sentence of 72 months' imprisonment [Crim. Doc. 27 at 20] was well below the 10-year maximum which would have applied without the Court's finding of a prior aggravated felony conviction, thus rendering this all a mere intellectual exercise.

All that notwithstanding, neither *Alleyne, Descamps* nor *Apprendi* and its progeny apply retroactively on collateral review. The Supreme Court resolved *Alleyne* and *Descamps* on direct rather than collateral review, and it did not declare that either of the new rules applied retroactively on collateral attack. *See In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (Supreme Court did not declare *Alleyne* retroactively applicable on collateral review); *Reed v. United States*, 8:13-CV-2401-T-24, 2013 WL 5567703 (M.D. Fla. Oct. 9, 2013) (a district court holding the same as to *Descamps*). Indeed, "*Alleyne* is an extension of *Apprendi v. New Jersey,* 530 U.S. 466 (2000)," and the Supreme Court has previously "decided that other rules based on *Apprendi* do not apply retroactively on collateral review." *Simpson*, 721 F.3d at 876 (citing *Schriro v. Summerlin*, 542 U.S. 348 (2004)). Likewise, *Descamps* re-affirmed the Supreme Court's decision in *Shepard*, which has not been found to be retroactively applicable. *See United States v. Pettiford*, 612 F.3d 270, 279 (4th Cir. 2010) (collecting cases finding *Shepard* not retroactively applicable on collateral review). *See also Monroe v. United States*, No. 3:13-CV-2546-G-BK, 2013 WL 6199955 *3 (N.D. Tex. Nov. 26, 2013) (accepting findings and recommendation) (holding, in the context of section 2255(f)(3), that *Alleyne* and *Descamps* do not apply retroactively on collateral review). Because the Court concludes that *Alleyne* and *Descamps* do

not apply retroactively on collateral review, section 2255(f)(3) is inapplicable here, and Petitioner's section 2255 motion is clearly outside the one-year statute of limitations absent equitable tolling.

Although the Court gave Petitioner an opportunity to present arguments in support of equitable tolling, he offered no facts to support the applicability of equitable tolling in his case. (Doc. 6 at 3).  Nevertheless, any equitable tolling argument would be unavailing.  *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing").  This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling.  Unexplained delays do not evince due diligence or rare and extraordinary circumstances.  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *see also Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").  In addition, neither unfamiliarity with the law nor *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling.  *See United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations).

Accordingly, the Court concludes that Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case.  *See Petty*, 530 F.3d at 365.

Lastly, despite the fact that he pled guilty, Petitioner asserts that he is "actually/factually innocent of committing [ ] re-entry after previously being deported, because [he] has never been formally deported; e.g., not by an immigration judge, but agreed to be voluntarily deported."

(Doc. 6 at 2-3).  He also asserts that his prior conviction is not an "aggravated felony" under 8 U.S.C. § 1101.  *Id.* at 2.  However, Petitioner's assertions are simply that, and are totally devoid of any factual or legal support.  While a claim of actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare."  *McQuiggin v. Perkins*, ––– U.S. ––––, 133 S. Ct. 1924, 1928 (2013).  To meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'"  *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  Because Petitioner has failed to do so, the "actual innocence" exception is not applicable to this case, and the section 2255 motion should be dismissed as time barred.  *See id.* at 1936 (actual innocence gateway is available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.") (quotations and quoted case omitted).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED with prejudice** as barred by the one-year statute of limitations.  It is further recommended that the request for relief under the savings clause of section 2255 be **DISMISSED without prejudice** for lack of jurisdiction.  The Clerk of the Court

should be **directed to open for indexing purposes** a new habeas corpus action pursuant to 28 U.S.C. § 2241 (nature of suit 530 -- assigned to the same district judge and magistrate judge) and to close the same on the basis of the order accepting this recommendation.

        **SIGNED** May 16, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

        A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE